Filed 9/16/21  P. v. Mency CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JASON MENCY,<br><br>        Defendant and Appellant. | B301966<br>(Los Angeles County<br> Super. Ct. No. GA030918) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Stan Blumenfeld, Judge.  Reversed and remanded.

Deborah L. Hawkins, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Amanda V. Lopez and David W. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

This is an appeal from the denial of appellant Jason Mency's petition for resentencing under Penal Code section 1170.95.[1] Appellant and his codefendant La Min Johnson were charged and tried together, with separate juries, for 88 separate offenses.[2] In 1999, appellant's jury convicted him of 60 substantive crimes, including one count of special circumstance murder of Marsha Lee Birch (§ 187, subd. (a), count 1), the only offense at issue in this appeal. As to that count, the jury found true that the murder was committed while appellant was aiding and abetting the commission of robbery and burglary (§ 190.2, subds. (a)(17), (d)), and that a principal was armed with a firearm (§ 12022, subd. (a)(1)). Appellant was sentenced on count 1 to life imprisonment without the possibility of parole plus one year.[3]

This court affirmed appellant's judgment of conviction in 2002. (See *People v. Mency* (Nov. 14, 2002, B135267) [nonpub. opn.] (*Mency I*)). In 2016, appellant filed a petition for writ of habeas corpus in the trial court seeking reversal of his conviction on count 1. Appellant argued the evidence was insufficient to support a finding he was a major participant who acted with reckless indifference to human life as

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     Johnson is not a party to this appeal.

[3]     Appellant was also sentenced to two consecutive terms of life imprisonment with the possibility of parole for two counts of kidnapping to commit robbery (§ 209, subd. (b); counts 14, 15). Sentences imposed on the remaining counts were either stayed or imposed concurrently with counts 1, 14, or 15.

clarified by *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*), and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). The trial court summarily denied the petition in August 2017.

In January 2019, appellant filed a petition for resentencing under section 1170.95, which provides that persons who were convicted under theories of felony murder or murder under the natural and probable consequences doctrine, and who could no longer be convicted of murder following the enactment of Senate Bill No. 1437 (S.B. 1437), may petition the sentencing court to vacate the conviction and resentence on any remaining counts. (Stats. 2018, ch. 1015, § 1, subd. (f).)

Following the appointment of counsel, briefing by the parties, and two hearings to address the jury's robbery- and burglary-murder special circumstance findings (§ 190.2, subd. (a)(17)), the trial court summarily denied appellant's petition. The court reasoned that appellant was ineligible for relief as a matter of law because the jury's true findings on both special circumstance allegations required a finding that if appellant was not the actual killer, he aided and abetted the murder with the intent to kill the victim, or was a major participant who aided and abetted the robbery and/or burglary with reckless indifference to human life.

Appellant appeals from the trial court's order, and contends that the summary denial of his petition should be reversed because the trial court's reliance on the robbery- and burglary-murder special circumstance findings is in violation of *People v. Torres* (2020) 46 Cal.App.5th 1168 (*Torres*), review granted June 24, 2020, S262011, overruled on another ground in *People v. Lewis* (2021) 11 Cal.5th 952

(*Lewis*).  In *Torres*, our colleagues in Division Five held that a trial court commits reversible error by summarily denying a section 1170.95 petition based on a robbery-murder special circumstance finding predating *Banks* and *Clark*.  (*Torres*, *supra*, at p. 1173; accord, *People v. Secrease* (2021) 63 Cal.App.5th 231, 255 (*Secrease*), rev. granted, June 30, 2021, S268862; *People v. Harris* (2021) 60 Cal.App.5th 939, 958 (*Harris*), rev. granted, Apr. 28, 2021, S267802; *People v. York* (2020) 54 Cal.App.5th 250 (*York*), rev. granted, Nov. 18, 2020, S264954; *People v. Smith* (2020) 49 Cal.App.5th 85 (*Smith*), rev. granted, July 22, 2020, S262835.)

The Attorney General asserts that *Torres* was incorrectly decided, and requests that we follow the line of cases following *People v. Galvan* (2020) 52 Cal.App.5th 1134 (*Galvan*), review granted, October 14, 2020, S264284.  (E.g. *People v. Nunez* (2020) 57 Cal.App.5th 78 (*Nunez*), rev. granted, Jan. 13, 2021, S265918; *People v. Jones* (2020) 56 Cal.App.5th 474 (*Jones*), rev. granted, Jan. 27, 2021, S265854; *People v. Allison* (2020) 55 Cal.App.5th 449; *People v. Murillo* (2020) 54 Cal.App.5th 160, rev. granted, Nov. 18, 2020, S264978; *People v. Gomez* (2020) 52 Cal.App.5th 1 (*Gomez*), rev. granted, Oct. 14, 2020, S264033.)

Consistent with our prior decisions on the issue, we reverse the trial court's order in light of *Torres*.  We also conclude that appellant's record of conviction does not establish as a matter of law that he acted as a major participant with reckless indifference under the standards established by *Banks* and *Clark*.  We reverse the order summarily

denying defendant's petition, and direct the court to issue an order to show cause and proceed consistent with section 1170.95, subdivision (d).

## FACTUAL AND PROCEDURAL BACKGROUND

We recite the factual background from *Mency I*, as well as from *People v. La Min Johnson* (June 18, 2002, B137441) [nonpub. opn.] (*Johnson*), and the trial court's order summarily denying appellant's habeas petition in 2017. The order and opinions comprise part of the record on appeal, and have been used in the parties' briefs.

From 1995 to 1997, appellant and Johnson engaged in a crime spree ranging from vehicle burglary and joyriding to attempted murder and first degree murder. As relevant here, appellant was prosecuted for the murder of Marsha Lee Birch on a theory of felony murder predicated on the Birch robbery and the burglary of a parked car close to her home.

Appellant gave the police a lengthy statement in which he admitted involvement in several crimes, including the murder of Birch. According to his statement, appellant and Johnson, searching for car stereos to steal, had driven to Altadena on January 3, 1997, in a car they had already stolen. Around 5:00 a.m., they stopped in front of Alfred Robinson's house, and Johnson broke the side window to Robinson's car, which was parked in the street. Johnson and appellant took items from inside the car, including a gun and ammunition they found in the trunk. As the men walked back to their stolen car, they saw Birch inside her home "getting ready to come outside."

5

As Birch walked to her car, Johnson brandished a gun and grabbed Birch and the purse she had been carrying. Birch resisted and attempted to get at Johnson's gun.[4] Johnson fired two shots, after which appellant said, "come on man, let's go, we got to get out of here." Appellant and Johnson got into the stolen car, and appellant drove away. Birch died from multiple gunshot wounds.

Officers surveilling appellant's home the morning of the shooting observed appellant and another man returning to the home around 5:14 a.m. (around 15 minutes after the shooting). A few minutes later, two men were seen leaving appellant's home and walking one block south toward a trash container. One man was then seen leaning into the container as the other stood by and waited. When the men returned to appellant's house moments later, an officer approached the trash container. After sifting through the trash, the officer discovered Birch's driver's license inside a discarded coin purse. Appellant and Johnson were arrested shortly thereafter.

The gun used to shoot Birch was found inside a swamp cooler located inside appellant's home. The cooler contained two additional guns, ski masks, and ammunition. The three guns were linked forensically to the Birch murder and two separate crimes.[5]

---

[4] Appellant admitted he had brought a gun with him, but it was inside his backpack during the robbery and murder of Birch.

[5] One of the separate crimes was the shooting of William Antypas in December 1996, less than one month before the Birch murder. The Antypas shooting occurred after appellant, Johnson, and another accomplice (Brett Moten), all wearing dark clothes, masks, and gloves and armed with

The jury was instructed under, inter alia, CALJIC Nos. 3.01 (aiding and abetting), 8.21 and 8.27 (aiding and abetting first-degree felony murder based on the commission of robbery or burglary), and 8.80.1 (robbery- and burglary-murder special circumstance). CALJIC No. 8.80.1 provided in part: "If you find that a defendant was not the actual killer of a human being, or if you are unable to decide whether the defendant was the actual killer or an aider and abettor, you cannot find a felony murder special circumstance to be true unless you are satisfied beyond a reasonable doubt that such defendant with the intent to kill aided, abetted, . . . or assisted any actor in the commission of the murder in the first degree, or with reckless indifference to human life and as a major participant, aided, abetted, . . . or assisted in the commission of the crime of robbery and/or burglary which resulted in the death of a human being." On count 1, the jury found appellant guilty of murder. In finding both felony-murder special circumstances true, the verdict states that appellant "aided and abetted" the murder while engaged in the commission of robbery and burglary.

We affirmed appellant's judgment of conviction in *Mency I*. (*Mency I*, *supra*, at p. 1.) Among the contentions raised by appellant in that appeal was that the felony murder conviction and the burglary-

handguns, confronted Elizabeth Cloran and Marc Hartman as they were leaving their friend's home. After forcing both to reenter the home, the men ordered the victims to locate occupants of the house. Antypas, a resident in the home, heard the commotion and armed himself with a gun. He confronted the robbers, after which one of the robbers fired, striking Antypas in the abdomen, chest, arm, hip, and hand.

murder special circumstance finding (§ 190.2, subd. (a)(17)(G)) could not be predicated on the burglary of Robinson's vehicle.  (*Mency I*, *supra*, at pp. 1, 3.)  We rejected the contention, finding nothing in the statutory language excluding burglary of a vehicle from either the felony-murder or the special circumstance statutes.  (*Id.* at pp. 1–3.)  We also clarified that the relevant jury instruction, CALJIC No. 8.80.1, applied to the Birch murder (appellant had argued the instruction specifically referenced another murder not relevant to this appeal).  (*Id.* at pp. 5–6.)

Appellant filed a petition for writ of habeas corpus in the superior court in October 2016, in which he alleged that the jury's true finding on the robbery- and burglary-murder special circumstance allegations were invalid under the Supreme Court's then-recent decisions in *Banks* and *Clark*.  Following the appointment of counsel and receipt of informal responses on the issue, the court summarily denied the habeas petition, finding the evidence sufficiently established appellant's role under *Banks* and *Clark* as a major participant who acted with reckless indifference to human life.

On January 4, 2019, appellant filed a petition for resentencing pursuant to section 1170.95, claiming entitlement to relief because he was convicted of first degree murder under a felony-murder theory or the natural and probable consequences doctrine.  Appellant requested that counsel be appointed on his behalf.  The court appointed counsel, the People filed an opposition, and appellant filed a reply.

At a July 9, 2019 hearing, the court recognized that the jury had never been instructed on the factors set forth in *Banks* and *Clark*.  The

court requested supplemental briefing on the jury's special circumstance findings in light of *Banks* and *Clark*. The People filed a supplemental brief; appellant's counsel did not.

At the second hearing on August 28, 2019, both parties submitted on the court's tentative decision to summarily deny the section 1170.95 petition. In a written ruling, the court found that appellant could not establish a prima facie showing under section 1170.95, based on the pre-*Banks* and *Clark* special circumstance findings. Defendant timely filed a notice of appeal.[6]

## DISCUSSION

1. *Governing Law*

The legislature enacted S.B. 1437 "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); accord, § 189, subd. (e); *People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)

Section 1170.95, as enacted by S.B. 1437, permits individuals who were convicted of felony-murder or murder under the natural and

---

[6] Following appellant's filing of the notice of appeal, he submitted to the trial court 13 different filings relating to his section 1170.95 petition. The court rejected or denied the filings, noting (among other issues) that appellant had already filed his notice of appeal in this case. The court's rulings on these separate filings are not at issue here.

probable consequences doctrine, but who could not be convicted of murder following S.B. 1437's changes to sections 188 and 189, to petition the sentencing court to vacate the conviction and resentence on any remaining counts. (§ 1170.95, subd. (a).) A petition for relief under section 1170.95 must include a declaration by the petitioner that he is eligible for relief under section 1170.95 based on all the requirements of subdivision (a), the superior court case number and year of the petitioner's conviction, and a request for appointment of counsel, should the petitioner seek appointment. (§ 1170.95, subd. (b)(2).)

Subdivision (c) of section 1170.95 provides: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (See also *Lewis*, *supra*, 11 Cal.5th at p. 966 [subdivision (c) provides only for "a single prima facie" stage of review].)

To determine whether the petitioner has made a prima facie case for section 1170.95 relief, the court ""'takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause.'" ([*People v.*] *Drayton* [(2020)] 47 Cal.App.5th [965,] 978, quoting Cal. Rules of Court, rule 4.551(c)(1).) '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' (*Drayton*, at p. 978, fn. omitted,

10

citing *In re Serrano* (1995) 10 Cal.4th 447, 456.) 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."' (*Drayton*, at p. 979, quoting *Serrano*, at p. 456.)" (*Lewis*, *supra*, 11 Cal.5th at p. 971.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' (*Drayton*, . . . at p. 980.)" (*Id.* at p. 972.)

If the trial court determines that a prima facie showing for relief has been made, it must issue an order to show cause and hold a hearing "to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts." (§ 1170.95, subd. (d)(1).) During the evidentiary hearing, the prosecutor and the petitioner may offer new or additional evidence to meet their respective burdens. (§ 1170.95, subd. (d)(3).)

2. *Analysis*

The parties dispute whether the jury's robbery- and burglary-murder special circumstance findings made prior to *Banks* and *Clark* preclude appellant from making a prima facie showing under section 1170.95, subdivision (c). Appellant asserts that these findings do not preclude relief as a matter of law; the Attorney General asserts that they do. Consistent with our prior decisions on this issue, we agree with appellant.

As amended by S.B. 1437, subdivision (e) of section 189 provides that participation in the perpetration or attempted perpetration of an enumerated felony (here, robbery and burglary) in which a death occurs renders a person liable for murder only if the person was the actual killer, acted with the intent to kill as an aider and abettor, or was a major participant in the underlying felony and acted with reckless indifference to human life as described in subdivision (d) of section 190.2.  Section 190.2, subdivision (d), in turn, provides for a term of punishment by death or life imprisonment without the possibility of parole for persons "not the actual killer, [but] who, with reckless indifference to human life" and as major participants, aid, abet or assist in the commission of any felony enumerated in paragraph (17) of subdivision (a) which results in the death of some person or persons, and who is found guilty of murder in the first degree.  Section 190.2 lists robbery and burglary as qualifying felonies.  (§ 190.2, subds. (a)(17)(A), (a)(17)(G).)

The special circumstance findings in this case indicate that the jury found that appellant, as an aider and abettor, either intended to kill or acted with reckless indifference to human life as a major participant in the robbery and burglary.  However, because the jury rendered its findings 15 years prior to the *Banks* and *Clark* decisions in which it did not specify whether appellant acted with intent to kill, he is not precluded from showing that he could not be convicted of first degree murder as redefined by S.B. 1437.  (*Torres, supra*, 46 Cal.App.5th at p. 1179.)

12

Our colleagues in Division Five of this district explained that the "our Supreme Court's decisions, clarifying what it means for an aiding and abetting defendant to be a 'major participant' in an underlying felony and to act with 'reckless indifference to human life,' construed section 190.2, subdivision (d) in a significantly different, and narrower manner than courts had previously construed the statute." (*Torres*, *supra*, 46 Cal.App.5th at p. 1179.) As such, the Court of Appeal ruled that the trial court's reliance on the robbery-murder special circumstance that predated both *Banks* and *Clark* constituted reversible error. (*Ibid.*)

Similar to *Torres*, the jury in this case made true findings under section 190.2, subdivision (a)(17) before the decisions in *Banks* and *Clark*. As such, when determining if appellant "could be convicted today of first degree murder, we cannot simply defer to the jury's pre-*Banks* and *Clark* factual findings that [he] was a major participant who acted with reckless indifference to human life as those terms were interpreted at the time." (*Torres, supra*, 46 Cal.App.4th at p. 1179; accord, *In re Miller* (2017) 14 Cal.App.5th 960, 979–980.)

The Attorney General asserts that *Torres* was wrongly decided and urges us instead to follow the reasoning of cases such as *Galvan*. In that case, our colleagues in Division One reasoned that the defendant and others like him are not entitled to relief under the plain language of section 1170.95, because the present inability to convict them of murder was not "'because of changes'" made by S.B. 1437 (see § 1170.95, subd. (a)(3) [petitioner entitled to relief because he "'could not be convicted

13

of . . . murder because of changes to Section[s] 188 or 189 made effective'" Jan. 1, 2019]), but because of the "clarification of the requirements for the special circumstance finding in *Banks* and *Clark*." (*Galvan*, *supra*, 52 Cal.App.5th at p. 1142.) The *Galvan* court also reasoned that petitions under section 1170.95 are not "proper vehicle[s]" for challenging a special circumstance finding, which must be challenged through a habeas corpus proceeding. (*Id.* at p. 1141.)

This issue, which has divided the courts, is presently pending in the Supreme Court.[7] Mindful of the conflicts in the law, and pending resolution by the Supreme Court, we continue to follow *Torres*. Appellant's section 1170.95 petition seeks to have his "murder conviction vacated and to be resentenced" on any remaining counts. (§ 1170.95, subd. (a); see *York*, *supra*, 54 Cal.App.5th at p. 260 ["[o]ur analyses in *Torres* and *Smith* recognized that section 1170.95 permits a petitioner to challenge a *murder conviction*"].) Because a petitioner's entitlement to section 1170.95 relief may require consideration of the verdict (including any special circumstance findings), the *Banks* and *Clark* decisions remain relevant for making such determination.

---

[7] Compare *York*, *supra*, 54 Cal.App.5th at page 258, *Harris*, *supra*, 60 Cal.App.5th at page 957, *Secrease*, *supra*, 63 Cal.App.5th at page 259, with *Gomez*, *supra*, 52 Cal.App.5th at page 17, *Jones*, *supra*, 56 Cal.App.5th at page 483, and *Nunez*, *supra*, 57 Cal.App.5th at page 93.

The Supreme Court has granted review in *People v. Strong* (Dec. 18, 2020, C091162) [nonpub. opn.], review granted March 10, 2021, S266606, to resolve the following issue: "Does a felony-murder special circumstance finding (Pen. Code, § 190.2, subd. (a)(17)) made before *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 preclude a defendant from making a prima facie showing of eligibility for relief under Penal Code section 1170.95?"

The verdict in this case reveals true findings under section 190.2, subdivision (a)(17). Because the jury was not instructed on the standards as set forth in *Banks* and *Clark*, and because the jury did not find that appellant was the actual killer, we cannot conclude that appellant is precluded from relief as a matter of law at this stage of the proceedings.

Notwithstanding its reliance on the special circumstance findings, the trial court also referenced our opinion in *Mency I* and its prior order summarily denying appellant's habeas petition to find that appellant was a major participant in the robbery and burglary who acted with reckless indifference to human life. In a related argument, the Attorney General asserts that we may review the record under *Banks* and *Clark* as a matter of law, and affirm the trial court's ruling under a harmless error analysis.

We disagree with the trial court's ruling and the Attorney General's argument. Nothing in appellant's record of conviction establishes as a matter of law that he acted with reckless indifference as a major participant during the robbery and/or burglary in accordance with standards established by *Banks* and *Clark*. (See *Banks*, *supra*, 61 Cal.4th at p. 803, fn. 5; *Clark*, *supra*, 63 Cal.4th at pp. 618–623; *People v. Clements* (2021) 60 Cal.App.5th 597, 613 [whether and to what extent a prior opinion is probative in a specific case depends on the circumstances, as "the issues on appeal [may] implicate different facts than a later resentencing petition"], rev. granted, Apr. 28, 2021, S267624.) Nor can the trial court's summary denial of appellant's

15

habeas petition serve as res judicata in future proceedings. (See *Torres*, *supra*, 46 Cal.App.5th at p. 1180, fn. 4; *Gomez v. Superior Court* (2012) 54 Cal.4th 293, 305, fn. 6.) Thus, while appellant is not entitled to resentencing at this stage of the proceedings, he is entitled to an evidentiary hearing pursuant to section 1170.95, subdivision (d), to determine whether he could now be convicted of felony murder.

In light of our conclusion, we do not agree with the Attorney General that any of the errors discussed above were harmless under the principles set forth in *People v. Watson* (1956) 46 Cal.2d 818. The Supreme Court recently clarified in *Lewis* that a trial court's authority at this stage of review is "limited," in that it may not "engage in 'factfinding involving the weighing of evidence.'" (*Lewis*, *supra*, at p. 972, quoting *Drayton*, *supra*, 47 Cal.App.5th at p. 980.) We decline the Attorney General's request to engage in that very exercise.

//

//

//

//

//

//

//

//

//

//

16

## DISPOSITION

The order summarily denying appellant's section 1170.95 petition is reversed, and the matter is remanded with directions to issue an order to show cause and to proceed consistent with section 1170.95, subdivision (d).

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

WILLHITE, Acting P. J.

We concur:

COLLINS, J.

CURREY, J.